**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**2900 Crystal Drive**
**Arlington, Virginia 22202-3513**

Cataldo

Opposition No. 152,062

Seculus Da Amazonia S/A

v.

Toyota Jidosha Kabushiki
Kaisha t/a/ Toyota Motor
Corporation

Before Hohein, Bucher and Rogers,
Administrative Trademark Judges.

By the Board:

Applicant, Toyota Jidosha Kabushiki Kaishi t/a Toyota Motor Corporation, seeks to register the mark shown below for "watches" in Class 14; "binders and business card holders" in Class 16; "traveling bags" in Class 18; "bottles" in Class 21; and "stuffed animals" in Class 28.[1]



Registration with respect to watches has been opposed by opposer, Seculus Da Amazonia S/A. As grounds for opposition, opposer alleges, in relevant part, that since

---

[1] Application Serial No. 75/918,983 was filed on February 16, 2000, reciting October 1, 1998 as the date of first use of the mark in commerce for all classes of goods.

1994, opposer has been using the mark shown below in connection with watches sold in Brazil;



that on July 18, 1995, opposer filed application No. 818730994 in the National Institute of Industrial Property of Brazil for the mark LEXUS and design for, inter alia, watches; that opposer is the consignee of record for sixty-seven cartons of watch parts bearing its LEXUS and design mark; that on March 6, 2002, opposer's watch parts were seized by the U.S. Customs Service in Miami, Florida; that the Notice of Seizure sent to opposer, citing the mark in application Serial No. 75/918,983 for watches, stated that the merchandise was seized and is subject to forfeiture under the provisions of 19 U.S.C. §1526(e) because it bears a counterfeit version of the cited "registered" U.S. trademark; that upon information and belief, applicant informed the U.S. Customs Service that opposer's seized merchandise was counterfeit merchandise even though applicant does not own a federal registration for the mark LEXUS for watches; that applicant thereby misled the U.S. Customs Service into believing that it properly seized opposer's merchandise; that the term "counterfeit" is defined in 15 U.S.C. §1127 and 19 C.F.R. §133.21(a) as a

"spurious mark which is identical with, or substantially indistinguishable from, a registered mark"; that the mark in application Serial No. 75/918,983 is not a registered mark, and therefore, cannot be the basis for the seizure of opposer's merchandise; that opposer's merchandise was therefore unlawfully seized by the U.S. Customs Service; that opposer is damaged by the seizure and potential forfeiture by the U.S. Customs Service of its merchandise bearing its LEXUS and design mark; that the Trademark Trial and Appeal Board may refuse to register a trademark "as the rights of the parties hereunder may be established in the proceedings" under Section 18 of the Lanham Act, 15 U.S.C. §1068; and that in view of applicant's misconduct in its dealing with the U.S. Customs Service in regard to its application Serial No. 75/918,983 for the mark LEXUS for watches, the Board should exercise its equitable power and authority to refuse registration to applicant with respect to watches.

In lieu of an answer, applicant filed a motion to dismiss the proceeding under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[2] In support of its motion, applicant essentially argues that the notice of opposition fails to state any statutory ground

---

[2] Contemporaneously therewith, applicant also filed a motion to divide its application as to the classes which were not opposed. The motion to divide will be discussed later in this order.

therefor, other than a reference to Section 18 of the Lanham Act; that Section 18 of the Act does not create any jurisdiction in the Board or create any cause of action before the Board other than those provided in Sections 2, 14, 16 and 24 of the Act; that, in addition, opposer has pleaded no facts to establish its standing to bring this action; that opposer's trademark activity in Brazil is irrelevant to an opposition proceeding in the United States; that opposer has not alleged any form of proprietary right in its LEXUS and design mark in the United States; and that the Board lacks both equitable jurisdiction and jurisdiction over alleged unfair competition that does not fall within a statutory ground for opposition under the Act.

Opposer has filed a brief in response, essentially arguing that its activities in Brazil are not the basis for the instant opposition[3]; that the notice of opposition is based upon applicant's actions with respect to the involved application; that applicant has a duty to be forthright with regard to its application; that applicant's lack of candor resulted in opposer's goods being seized by the U.S. Customs Service and may result in their forfeiture; that opposer has set out facts regarding applicant's misconduct and unclean hands in dealing with the U.S. Customs Service in its notice

---

[3] Accordingly, we do not deem opposer to be proceeding under any international convention.

4

of opposition that entitle it to relief; and that, as a result, the Board should exercise its equitable power and authority to refuse registration to applicant with respect to watches.

Applicant has filed a reply brief, essentially arguing that actions before the U.S. Customs Service are outside the jurisdiction of the Board; that opposer alleges no improper action by applicant in the U.S. Patent and Trademark Office; and that opposer's allegation of unclean hands in a matter not related to the prosecution of the instant application for registration amounts to a claim of unfair competition over which the Board has no jurisdiction.[4]

It has often been stated that in order to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a pleading need only allege such facts as would, if proved, establish that the plaintiff is entitled to the relief sought, that is, that (1) the plaintiff has standing to maintain the proceeding, and (2) a valid ground exists for denying the registration sought. *See Selva & Sons, Inc. v. Nina Footwear, Inc.*, 705 F.2d 1316, 217 USPQ 641 (CAFC 1983); and *Lipton Industries, Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 213 USPQ 185 (CCPA 1982).

---

[4] Consideration of reply briefs is discretionary on the part of the Board. *See* Trademark Rule 2.127(a). In this case, the Board has considered applicant's reply brief because it clarifies the issues under consideration herein.

5

Turning first to the question of standing, we find that, applicant's assertions to the contrary notwithstanding, opposer has pleaded a real interest in the outcome of this proceeding. Specifically, opposer alleges that, as a consequence of the mark in application Serial No. 75/918,983, it has experienced damage in the form of unlawful seizure by the U.S. Customs Service and potential forfeiture of its merchandise bearing its LEXUS and design mark; and that the mark in any registration resulting from application Serial No. 75/918,983 may be the basis for lawful seizure by the U.S. Customs Service of opposer's goods bearing its LEXUS and design mark, to the further damage of opposer. Thus, opposer has sufficiently alleged that it is not a mere intermeddler, but rather has a real interest in this proceeding and a reasonable basis for its belief of damage. *See* Section 13 of the Act (15 U.S.C. §1063). *See also Jewelers Vigilance Committee Inc. v. Ullenberg Corp.*, 823 F.2d 490, 2 USPQ2d 2021 (Fed. Cir. 1987); and *Lipton Industries, supra.*

Accordingly, we find that opposer has standing to maintain this opposition proceeding.

However, after a careful review of the pleading, we find that opposer has failed to state a valid ground for denying registration to applicant with respect to application Serial No. 75/918,983.

Section 18 of the Trademark Act (15 U.S.C. §1068) provides in relevant part that, as to inter partes proceedings heard by the Board:

> In such proceedings the Director may refuse to register the opposed mark, may cancel the registration, in whole or in part, may modify the application or registration by limiting the goods or services specified therein, may otherwise restrict or rectify with respect to the register the registration of a registered mark, may refuse to register any or all of several interfering marks, or may register the mark or marks for the person or persons entitled thereto, as the rights of the parties hereunder may be established in the proceedings….

In its notice of opposition, opposer alleges that in light of applicant's representations to the U.S. Customs Service concerning its application Serial No. 75/918,983, the Board "should exercise its equitable power and authority" under Section 18 of the Act to refuse registration to applicant with respect to watches. In this case, however, the facts pleaded by opposer in its notice of opposition fail to create a claim that is cognizable under Section 18 of the Act. *Cf. Eurostar, Inc. v. "Euro-Star" Reitmoden GmbH & Co. KG, Spezialfabrik Fur Reitbekleidung*, 34 USPQ2d 1266 (TTAB 1994). In *Eurostar*, the Board held that the modification or restriction provisions of Section 18 are in the nature of an equitable remedy; that for a plaintiff to prevail on a request for modification of an application or restriction of a registration, in a case involving likelihood of confusion, the party must plead and

prove that (i) entry of the proposed restriction to the identification would avoid a finding of likelihood of confusion, and (ii) its opponent is not using the mark on goods/services sought to be excluded by the restriction; and that the request for restriction need not be tied to a ground for opposition or cancellation. *Cf. also, Wellcome Foundation Ltd. v. Merck & Co.*, 46 USPQ2d 1478 (TTAB 1998), wherein the Board held that the restriction provisions of Section 18 could be utilized to seek restriction of an assertedly ambiguous description of the mark; and *Chapman v. Mill Valley Cotton*, 17 USPQ2d 1815 (TTAB 1990), wherein the Board held that Section 18 allows consideration of a claim regarding what person or entity is entitled to register a mark. We do not see in opposer's pleading any proper invocation of the provisions of Section 18 that allow for modification of an application to avoid a finding of likelihood of confusion, or the provisions that allow the Board to determine what person or entity is entitled to register the mark in the involved application.

In its response to applicant's motion to dismiss, opposer states that its notice of opposition is based upon applicant's "lack of forthrightness," specifically applicant's "misconduct and unclean hands in its dealing with the U.S. Customs Service." The Board is aware of no authority to support opposer's contention that its notice of

8

opposition may be grounded on applicant's alleged misconduct before the U.S. Customs Service, whether under Section 18 or any other provision of the Trademark Act. While a party may allege unclean hands as an affirmative defense in a Board proceeding, there is no authority for opposer's assertion thereof as a ground for its notice of opposition.[5] *See* Trademark Rule 2.106(b)(1) and Fed. R. Civ. P. 8(b). *See also Leatherwood Scopes International, Inc. v. James M. Leatherwood*, 63 USPQ2d 1699 (TTAB 2002); and *University Book Store v. University of Wisconsin Board of Regents*, 33 USPQ2d 1385, 1401 n. 39 (TTAB 1994).

In short, the allegations contained in the notice of opposition fall short of articulating any valid ground that may be entertained by the Board in an opposition proceeding. As such, opposer has failed to allege such facts as would, even if proved, establish that opposer is entitled to the denial of registration of the mark in application Serial No. 75/918,983.

---

[5] Furthermore, to the extent that the allegations contained in the notice of opposition may be construed as asserting a cause of action grounded in unfair competition, it is well-settled that the Board is not authorized to determine the right to use, nor may it decide broader questions of infringement or unfair competition. *See, for example, Person's Co. v. Christman*, 900 F.2d 1565, 14 USPQ2d 1477 (Fed. Cir. 1990); and *Paramount Pictures Corp. v. White*, 31 USPQ2d 1768 (TTAB 1994).

In view thereof, applicant's motion to dismiss is

**granted.**[6]

---

[6] In view of the foregoing, and in the absence of any appeal from this decision by opposer, we consider applicant's motion to divide its application to be moot.